### DICKSON v. SCREVEN & CRITTENDEN.

1. Findings of fact by the Circuit Judge in a law case cannot be reviewed on appeal.
2. An agent is responsible to his principal for losses resulting to the latter from negligence or bad faith in the conduct of the agency.
3. Where an agent fails through negligence to collect cotton due to his principal, the agent is liable for the value of the cotton, with interest thereon.

Before HUDSON, J., Greenville, April, 1884.

The judgment of the Circuit Court was as follows :

After full argument of counsel for the plaintiff and defendants in this case, which by consent was submitted to the court for trial without a jury, I concur with the master in his findings of fact, except, perhaps, modified below, and I arrive at the following conclusions of law governing the case :

By the terms of their contract with the plaintiff, the defendants undertook, for certain specified commissions, to receive from the

plaintiff certain fertilizers, to sell the same, collect the price thereof, either in a specified amount of cotton, at a specified price, or in money, and to turn over to the plaintiff said proceeds, less stipulated commissions. To the extent of these commissions they became the guarantors of the sales. In making all sales, however, the defendants were bound to act in good faith to their principal ; that is, they were bound to exercise reasonable diligence in making the sales, and reasonable judgment and circumspection in selecting purchasers and securing the payment of the purchase money, or delivery of the price in cotton according to contract, and were bound to be reasonably active and diligent in making collections. They were also responsible to their principal for good faith and promptness in accounting to him for all collections. Having become agents, they were by that relation to their principal prohibited by the rules of good faith and good stewardship, from sacrificing the interest of the principal to promote their own.

Having advanced the fertilizers of the plaintiff to one engaged in cultivating they had a right also to advance supplies to the same person from their own storehouse to enable him further to make and gather the crop. But in all cases where this course was pursued they had no right to exhaust the crop so made by these manures in paying their own private supply accounts and merchants' accounts to the entire loss of the plaintiff. They could not rightfully thus sacrifice their principal's interest to promote their own. Good faith forbids this, yet the defendants have certainly pursued this course, and from crops raised with the aid of these fertilizers they have reaped a handsome harvest, and by exhausting the crops to pay their store accounts and for animals sold have left nothing to be collected and turned over to the plaintiff.

I find that they are liable to account to the plaintiff for the full balance of the cotton which represents that part of the fertilizers sold and not collected and accounted for. This the master has proven to be 2,309½ pounds, less 63 pounds, which leaves 2,246½ pounds of cotton due by the defendants to the plaintiff November 1, 1882, or at the farthest, January 1, 1883, allowing reasonable time for collecting after maturity. The price

of this cotton, under the testimony, I place at 10 cents per pound, but do not allow interest thereon, except from January 1, 1883. From this amount must be deducted the defendants' commissions, amounting in all to sixty-nine 50-100 dollars. Deducting these sums, and counting interest on the balance since January 1, 1883, there remains the sum of one hundred and sixty-eight 75-100 dollars, now justly due by the defendants to the plaintiff, and for which he must have judgment.

Upon the payment of this sum and costs the defendants will be entitled to retain the notes for guano sold and to collect and use the proceeds, but until that is done those notes are subject to the demand of the plaintiff, who, if he collects any part thereof, must credit this judgment with the same, and it is so ordered and adjudged ; and it is further adjudged, that the plaintiff do recover of the defendants the sum of one hundred and sixty-eight 75-100 dollars and costs, and that he have leave to enter up formal judgment therefor and issue execution to enforce the same.

Exceptions by defendants for the purposes of an appeal were as follows :

I. That his honor erred in deciding that the appellants acted in bad faith towards the respondents.

II. That appellants conducted the business in the manner usual among fertilizer dealers in the city of Greenville, and are therefore not responsible for the losses enumerated in his honor's decree.

III. That the respondent was fully informed as to the manner in which the appellants were conducting the business, and having made no objection thereto, he is now estopped.

IV. That his honor erred in deciding, in substance, that the appellants are guarantors to the full amount of all fertilizers sold by them, while the agreement specifies that they are guarantors to the extent of their commissions only.

V. That even if his honor had not otherwise erred, it is submitted that the appellants could not be held responsible for cotton at more than $9\frac{1}{4}$ cents per pound, that being the price at which the parties made their final settlement, and that they are not responsible in any event for interest.

*Mr. Julius H. Heyward*, for appellant.

*Messrs. Geo. Westmoreland* and *W. L. Wait*, contra.

July 13, 1885.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   This case was heard by his honor, Judge Hudson, upon the report of the master, to whom it had been previously referred, "to take the testimony and state the various matters of accounts involved, with *instructions to report the same, together with his conclusions of fact.*"   His honor concurred in the findings of fact by the master, with some slight modification, and decreed to the plaintiff the sum of one hundred and sixty-eight 75-100 dollars and costs.   From this decree this appeal has been taken.

The defendants were agents of the plaintiff in the sale of cer-. tain fertilizers under a written agreement or contract which is set out in the "Case."   Under this agency the defendants sold a quantity of the fertilizers mentioned and took notes as directed ; a portion of these they failed to collect, resulting in loss to the plaintiff.   For this loss the action below was brought, the plaintiff alleging that the failure to collect by the defendants was occasioned by their gross negligence ; and this alleged negligence was the gist of the action.   His honor, the Circuit Judge, found the. fact of the negligence, and upon this finding based his decree.

Now, the case below being a case at law, we cannot go behind the findings of fact as found by the Circuit Judge.   On the contrary, we must assume them to be correct.   Such being the status of the case before us, it follows that the only question for our consideration is the question of law involved, to wit, whether an agent can be held responsible to his principal for loss resulting from negligence or bad faith in the conduct of the agency.   Upon this question there cannot be two opinions.   It therefore needs no discussion or citation of authority.

The Circuit Judge having found the question of negligence and bad faith against the defendants as a matter of fact, and having based his decree upon this finding, the question raised in appellants' exceptions, that the business was conducted in the manner usual among fertilizer dealers in the city of Greenville,

and that respondent was informed thereof, and did not object, cannot be considered by us. These were facts which, if true, were involved in the general question of negligence, and we are bound to assume that the Circuit Judge fully considered them in his final judgment.

As to the exception "that his honor erred in deciding in substance that the appellants are guarantors to the full amount of all fertilizers sold by them, while the agreement specifies that they are guarantors to the extent of their commissions only," it is only necessary to say that the action below did not involve the question of guaranty stipulated in the agreement, but, as we have stated, its gist was the alleged negligence of the defendants in the management of the business entrusted to them, and the action was to recover the damages resulting from this negligence not covered by the guaranty.

We see no error as to the price of the cotton or the fact that interest was allowed in the decree.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.